UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD DIX YOUNG, III,<br><br>        Petitioner,<br><br>v.<br><br>TOM ROY, Minnesota<br>Commissioner of Corrections,<br><br>        Respondent. | Civil No. 12-1963 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

      Richard Dix Young, III, Minnesota Correctional Facility - Lino Lakes, 7525 Fourth Avenue, Lino Lakes, Minnesota, 55014, Petitioner, pro se.

      Peter R. Marker, Assistant Ramsey County Attorney, 50 West Kellogg Boulevard, Suite 315, St. Paul, Minnesota, 55102, for Respondent.

FRANKLIN L. NOEL, United States Magistrate Judge

      This matter is before the undersigned Magistrate Judge of the District Court on the petition of Richard Dix Young, III, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Respondent has filed a response, (Docket Nos. 6-7), contending that the petition should be dismissed, and Petitioner has filed a Reply Memorandum, (Docket No. 8). The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be DENIED, and that this action be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

      The facts and procedural background of this case are simple and undisputed. In June 2009, Petitioner fired a gun into a vehicle occupied by two people identified as K.J.

and D.S. Petitioner was involved in a dispute with K.J., who was the intended target of the shooting. K.J. was not hit by any bullets, but the other occupant of the vehicle, D.S., was hit in the mouth. D.S. suffered significant injury, including the loss of a tooth.

In December 2009, Petitioner entered into a plea agreement in the state district court for Ramsey County, Minnesota, by which he pled guilty to second degree assault, and attempted first degree assault. The plea agreement specifically indicated that Petitioner would receive separate sentences for his two convictions, to be served consecutively. (Respondent's Appendix, [Docket No. 7], p. 75.[1]) However, during Petitioner's plea hearing, his defense counsel stated that "the sentence would be consecutive if permitted under the Guidelines." (Id., p. 2.)

In January 2010, Petitioner returned to the trial court for his sentencing. At that time, the trial court noted that "[t]he plea agreement calls for consecutive sentencing, which is permissive in this case." (Id., p. 19.) The trial court subsequently reiterated that although Petitioner's pre-sentence investigation report did not clearly indicate whether his sentences for his two convictions should be concurrent or consecutive, the plea agreement itself "makes it clear that it is consecutive." (Id., p. 22.) The trial court then imposed a sentence of 67.5 months for Petitioner's attempted first degree assault conviction, and a sentence of 57 months for his second degree assault conviction. The sentences were made consecutive, so the aggregate sentence was 124.5 months.

---

[1] Respondent is commended for the appendix filed in this case. The appendix is complete, and equally important, it includes an index and it is clearly and simply paginated, so it can be referred to very easily. This appendix could serve as a model to be followed in other § 2254 cases filed in this District.

In November 2010, Petitioner filed a motion in the trial court seeking to correct his sentence. (Id., p. 30.) In that motion, Petitioner argued that his two sentences for his two convictions should be served concurrently, rather than consecutively, because when he committed his crimes, consecutive sentencing for those crimes was not expressly authorized by the Minnesota sentencing guidelines. (Id., p. 31.) According to Petitioner, at the time of his offenses, "Attempted Assault in the First Degree was not listed in Section VI of the Minnesota Sentencing Guidelines, a list of offenses eligible for permissive consecutive sentences," and therefore "the consecutive sentence imposed for his Assault in the Second Degree conviction was not authorized by the Minnesota Sentencing Guidelines." (Id., p. 32.)

The trial court agreed that Petitioner's consecutive sentences were not authorized by the Sentencing Guidelines that were in effect at the time of Petitioner's offenses. (Id., p. 56, ["the applicable version of the sentencing guidelines did not include Attempted Assault in the First Degree on the list of offenses eligible for permissive consecutive sentencing"].) However, the trial court determined that Petitioner's consecutive sentences should nevertheless be upheld, because consecutive sentencing was permissible under applicable Minnesota case law. Citing two Minnesota state court precedents – State v. Rivers, 787 N.W.2d 206 (Minn.App. 2010), and State v. Cruz-Ramirez, 771 N.W.2d 497 (Minn. 2009), rev. denied, (Minn. Oct. 19, 2010) – the trial court concluded that "the Court's authority for consecutive sentences in the instant case is derived from case law and not the sentencing guidelines." (Id., p. 57.) Therefore, Petitioner's motion to correct his sentence was denied. (Id., p. 55.)

3

Petitioner then filed an appeal challenging the trial court's determination that his two sentences should be served consecutively, rather than concurrently. The Minnesota Court of Appeals agreed with the trial court's reasoning and ruling on the sentencing issue, and the Minnesota Supreme Court denied Petitioner's application for further review. Young v. State, No. A11-317 (Minn.App. 2011), 2011 WL 2623454 (unpublished opinion), rev. denied, (Minn. Sept. 28, 2011).

The Minnesota Court of Appeals acknowledged that "on June 25, 2009, the date of [Petitioner's] offenses, the applicable version of the sentencing guidelines did not include attempted first-degree assault on the list of offenses eligible for permissive consecutive sentencing." Id. at *1.[2] However, the Court of Appeals agreed with the trial court's conclusion that Petitioner's consecutive sentences were authorized under the state case law cited by the trial court – Rivers and Cruz-Ramirez. As explained by the Court of Appeals --

> "In State v. Rivers this court concluded that although the sentencing guidelines did not authorize permissive consecutive sentences for the defendant's felony and gross-misdemeanor offenses, 'it has long been recognized that multiple and consecutive sentences are allowed' when 'crimes are committed against multiple victims, even if the crimes are committed in a single behavioral incident.' 787 N.W.2d 206, 212–13 (Minn.App.2010) (citing State v. Cruz–Ramirez, 771 N.W.2d 497, 512 (Minn.2009) (stating that when multiple victims are involved, multiple and consecutive sentences are allowed))."

Young, 2011 WL 2623454 at *1. The Minnesota Court of Appeals rejected Petitioner's attempts to distinguish Rivers and Cruz. (Id.)

---

[2] The Court of Appeals pointed out that "[t]he guidelines were subsequently revised to include attempted crimes on the list of offenses eligible for permissive consecutive sentencing." Young, 2011 WL 2623454 at *1, n. 1.

4

The state appellate court also rejected Petitioner's alternative contention that "his consecutive sentence was not authorized by law because the sentence constituted a departure from the sentencing guidelines and the district court failed to state on the record the grounds for a departure." (Id.) This alternative argument – i.e., that the consecutive sentences represented a departure from the guidelines, and therefore required additional fact-finding – was based primarily on Minnesota state law. (Respondent's Appendix, p. 49.) However, Petitioner also asserted, in a footnote in his state court brief, that "[t]he sentencing departure also implicates [Petitioner's] right to a jury trial on sentencing enhancement." (Id.) Petitioner cited Blakely v. Washington, 542 U.S. 296 (2004), to support his argument that a jury should have determined the factual basis for the "sentencing departure" that allegedly brought about his consecutive sentences.[3] The

---

[3] In Petitioner's brief to the Minnesota Court of Appeals, he explained this alternative argument as follows:

> "The second reason the district court erred is because the consecutive sentence in [Petitioner's] case represents a sentencing departure <u>imposed in violation of the requirements of Minn. Stat. §244.10, subd. 2, and Section II.F. of the guidelines</u>. For felony convictions, the 'court shall state, on the record, findings of fact as to the reasons for departure.' Minn. R. Crim. P. 27.03, subd. 4(C). The reasons for the departure must also be stated in the sentencing order or recorded in a departure report. Id. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed, Williams v. State, 361 N.W.2d 840, 844 (Minn. 1985), and imposition of a presumptive guidelines sentence must be ordered, State v. Geller, 665 N.W.2d 514, 517 (Minn. 2003). Here, the district court found no departure grounds on the record at the time of sentencing nor did the court file a departure report. For these reasons, under Williams and Geller, no departure can be allowed and appellant's sentence for this offense must be modified to a concurrent term."

(Respondent's Appendix, p. 49.) The highlighted portions of Petitioner's argument show that it is based wholly on state law – except for the footnote citation to Blakely, which was appended to this segment of Petitioner's brief.

5

Minnesota Court of Appeals did not specifically discuss Petitioner's brief allusion to Blakely, but merely reiterated that "caselaw provided the district court with the authority to impose consecutive sentences." Young, 2011 WL 2623454 at *2.

Petitioner's current habeas corpus petition lists two grounds for relief, which are as follows:

> "GROUND ONE: Conviction obtained by guilty plea was unlawful.... Petitioner was to receive [sic] consecutive terms 'if permitted by Minnesota Sentencing Guidelines. The (2008) Minn.Sent. Guidelines did not authorize such a sentence, but trial court still sentenced petitioner to consecutive terms."
>
> "GROUND TWO: 6th Amend Right to Jury trial.... Sentence was upward departure not authorized by law without stipulated facts trial."

(Petition, pp. 5-6, § 12.)

For the reasons discussed below, the Court finds that Petitioner is not entitled to a writ of habeas corpus on either of these two claims.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes the standards that govern this Court's substantive review of Petitioner's habeas corpus claims. The relevant portion of AEDPA, 28 U.S.C. § 2254(d), provides that:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (Emphasis added.)

6

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Supreme Court recognized that

> "a state-court decision can be 'contrary to' this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours."

Id. at 405.

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

Id. at 413.

The Court also explained that

> "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was <u>objectively unreasonable</u>.... [¶] [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Id. at 409, 411 (emphasis added).[4]

---

[4] A writ of habeas corpus can also be granted if the state courts' resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be available if the conviction at issue is based on findings of fact that could not reasonably be derived from the state court record. However, Petitioner has not presented any claims requiring the application of § 2254(d)(2).

7

Needless to say, a federal district court is not allowed to conduct its own de novo review of a prisoner's constitutional claims. Yarborough v. Alvarado, 541 U.S. 652, 665 (2004) ("[w]e cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a de novo matter"). "AEDPA ... imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt'...." Renico v. Lett, 130 S.Ct. 1855, 1862 (2010) (citations omitted). Habeas relief cannot be granted unless the prisoner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in Williams. The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S.Ct. 770, 787 (2011).

With these principles in mind, the Court considers whether Petitioner is entitled to a writ of habeas corpus on either of the two claims raised in his current petition.

## III. DISCUSSION

### A. Ground One: Allegedly Unlawful Conviction

Petitioner initially contends that the conviction entered pursuant to his guilty plea is "unlawful." This claim warrants little discussion, because it is plainly defective for several reasons. First, Petitioner has made no attempt to explain why his conviction, (as opposed to his sentence), supposedly is "unlawful." Petitioner does not contend that his plea agreement was not made freely and voluntarily, nor has he offered any other reason why

8

the entire plea itself should be set aside.[5]

Furthermore, Petitioner has made no effort to show that his guilty plea and conviction are somehow <u>unconstitutional</u>. It is well-settled, of course, that federal habeas corpus relief is available only when a prisoner has been convicted or sentenced in violation of his <u>federal constitutional rights</u>. See <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Because Petitioner has not identified any <u>constitutional</u> flaw in his guilty plea and resulting conviction, he cannot be granted a writ of habeas corpus on the first ground for relief listed in his petition.[6]

B. <u>Ground Two: Alleged Denial of Sixth Amendment Right to Jury Trial</u>

Petitioner's second ground for relief warrants more consideration than the first

---

[5] In Petitioner's memorandum in support of his petition, (Docket No. 1-2, [hereafter "Petitioner's Memorandum"]), he plainly states (at p. 28) that "[a] remand for imposition of concurrent terms is the <u>only</u> appropriate remedy." (Emphasis added.) The final sentence of the memorandum, (p. 31), reiterates that "the appropriate remedy is judgment for concurrent terms." These assertions confirm that Petitioner has no valid grounds for challenging the validity of his guilty plea and resulting conviction. At most, Petitioner might have colorable grounds for challenging his consecutive sentences.

[6] Even if Petitioner could now mount some belated constitutional challenge to his guilty plea and conviction, (as opposed to his sentence), that challenge could not be heard here, because Petitioner never challenged the validity of his plea and conviction on federal constitutional grounds (or otherwise) in his prior state court proceedings. See <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

ground, but it too must be denied. In "Ground Two," Petitioner contends that his consecutive sentences (not his conviction) violated the Sixth Amendment, because his sentencing represents a departure from the Minnesota Sentencing Guidelines, which is permissible only if certain "aggravating factors" were admitted, or found by a jury. As explained by Petitioner, his "consecutive sentence implicates the Sixth Amendment right to trial by jury because his sentence is a departure [from the state guidelines] with no aggravating factors admitted by the petitioner or found by a jury, and no departure reasons given by the district court." (Petitioner's Memorandum, [Docket No. 1-2], p. 28; see also id. at p. 11 ["the consecutive sentence represents a departure, but no departure reasons were admitted by petitioner or found by a jury"].)

Petitioner's Sixth Amendment claim is based on several fairly recent decisions of the United States Supreme Court, most notably, Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely, supra. In Apprendi, the Court ruled that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Blakely, the Court explained that, for purposes of deciding which sentencing determinations can be made by a judge (without a jury), "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04 (emphasis in the original).

Petitioner contends that under Minnesota law, consecutive sentences represent a "departure from the guidelines," and therefore consecutive sentences can be imposed only when certain "aggravating factors" have been proven. Petitioner further contends that,

according to Apprendi and Blakely, any aggravating factors that provide support for consecutive sentences must have been specifically admitted by Petitioner, or else determined by a jury, rather than a judge alone. In Petitioner's own words: "[P]etitioner's consecutive sentence implicates the Sixth Amendment right to trial by jury because this sentence is a departure with no aggravating factors admitted by the defendant or found by a jury." (Petitioner's Memorandum, p. 8; see also Petitioner's Memorandum, p. 22 ["because petitioner's sentence is more severe than the Guidelines sentence, and he never admitted nor did a jury find aggravating factors, his sentence violates Blakely and Apprendi"].)) Petitioner's Sixth Amendment argument suffers from at least two fatal flaws.

First, on Petitioner's direct appeal, the Minnesota Court of Appeals held that, under Minnesota state law, aggravating factors are required only for sentences that depart from the sentencing guidelines. The Court of Appeals further held that Petitioner's sentence was not a departure from the guidelines, and the trial court could therefore impose consecutive sentences without identifying any specific aggravating factors. As explained by the State Court of Appeals –

> "[Petitioner] argues that his consecutive sentence was not authorized by law because the sentence constituted a departure from the sentencing guidelines and the district court failed to state on the record the grounds for a departure. For a sentence to be unauthorized, however, it must be contrary to law or applicable statutes.... [Citation omitted.] Because caselaw [rather than the guidelines] provided the district court with the authority to impose consecutive sentences, it did not err in denying [Petitioner's] motion to correct his sentence."

Young, 2011 WL 2623454 at *2 (emphasis added). Petitioner obviously believes that the Minnesota Court of Appeals misapplied state law by ruling that his consecutive sentences were valid under state case law, even though consecutive sentencing was not expressly

11

sanctioned by the state sentencing guidelines. However, a state court's application of state law is not reviewable in a federal habeas corpus proceeding. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 68. See also Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006) ("[l]ike the district court, we lack authority to review the Minnesota state courts' interpretation and application of state law").

> "Therefore, it is not enough for [a state habeas petitioner] to argue the Minnesota state courts misapplied state law. To obtain habeas relief, [the petitioner] must be able to point to the Supreme Court precedent he thinks the Minnesota state courts acted contrary to or applied unreasonably."

Id. at 783. Petitioner has not shown that the Minnesota Court of Appeals' interpretation and application of Minnesota state law governing consecutive sentences transgresses any constitutional ruling by the U.S. Supreme Court.

Furthermore, even if Minnesota law did require a finding of aggravating factors in order to impose consecutive sentences, the Sixth Amendment does not require that those factors be determined by a jury rather than a judge. According to Petitioner, Blakely and Apprendi establish a Sixth Amendment requirement that "aggravating factors" supporting consecutive sentences must be determined by a jury (unless admitted by the defendant).[7] But that argument was rejected by the United States Supreme Court in Oregon v. Ice, 555 U.S. 160 (2009). In Ice, the Court held that the Sixth Amendment does not require a jury determination of factors that support consecutive sentences. See Smith v. Moore, 415 Fed.Appx. 624, 630 (6th Cir. 2011) (unpublished opinion) ("the Supreme Court clarified in

---

[7] See Petitioner's Memorandum at p. 22 ("because petitioner's sentence is more severe than the Guidelines sentence, and he never admitted nor did a jury find aggravating factors, his consecutive sentence violates Blakely and Apprendi").

12

Ice that judicial fact finding to determine whether to impose concurrent or consecutive sentences does not violate the Sixth Amendment jury trial right"); Anderson v. Wilkinson, 396 Fed.Appx. 262, 270 (6th Cir. 2010) (unpublished opinion) (in Ice, "the Supreme Court held that Blakely and Apprendi do not apply to consecutive sentences").

Before Ice, it might have been reasonable to argue, based on Apprendi and Blakely, that the Sixth Amendment requires any facts supporting the imposition of consecutive sentences to be found by a jury, and not by a judge alone. But Ice forecloses that argument. In light of Ice, it is abundantly clear that the Minnesota Court of Appeals did not resolve Petitioner's current Sixth Amendment claim in a manner that is contrary to, or involves an unreasonable application of, apposite Supreme Court precedent.[8] Therefore, Petitioner cannot be granted a writ of habeas corpus on Ground Two of his petition.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition

---

[8] Petitioner acknowledges that "[i]n Ice, the Supreme Court held that fact-finding necessary to impose a consecutive sentence under state law is not subject to the Sixth Amendment right to a jury." (Petitioner's Memorandum, p. 11.) He argues, however, that

> "in Ice, the sentencing statute required the trial judge to make specific findings of fact to support the imposition of the consecutive sentences.... [Citation omitted.] Unlike the Oregon statute, in Minnesota, the Guidelines simply do not permit consecutive sentencing unless the offense is on the list, and thus doing so constitutes a departure."

(Id., [emphasis in the original].) Petitioner's attempt to distinguish Ice, (to the extent it is comprehendible), appears to be just another iteration of his futile attack on the state courts' application of state law. Ultimately, it makes no difference whether Petitioner's consecutive sentences constitute "a departure" from the guidelines. Regardless of how Petitioner's sentence is characterized, it cannot be set aside here, because (a) according to the Minnesota state courts, Petitioner's consecutive sentences were permissible under Minnesota law, and (b) according to Ice, the federal Constitution does not require that factors supporting consecutive sentences be determined by a jury.

unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, could decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: February 21, 2013

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 8, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.