# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RICHARD DIX YOUNG, III, | Civil No. 12-1963 (JRT/FLN) |
| Petitioner, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| TOM ROY, *Minnesota Commissioner of Corrections*, | |
| Respondent. | |

---

Richard Dix Young, III, #190500, Minnesota Correctional Facility – Lino Lakes, 7525 Fourth Avenue, Lino Lakes, MN 55014, *pro se*.

Peter R. Marker, Assistant Ramsey County Attorney, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 50 Kellogg Boulevard, Suite 315, St. Paul, MN 55102, for respondent.

On August 10, 2012, petitioner Richard Dix Young, III filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Aug. 10, 2012, Docket No. 1.) In a Report and Recommendation ("R&R") dated February 21, 2013, United States Magistrate Judge Franklin L. Noel recommended that the Court deny Young's petition. (R&R, Feb. 22, 2013, Docket No. 9.) Young has filed timely objections to the R&R. (Objection to R&R ("Objections"), Mar. 8, 2013, Docket No. 10.) The Court reviews *de novo* those portions of the R&R to which Young objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. Because the majority of Young's objections focus on potential errors of state law, which are not reviewable in federal habeas proceedings, and because the

federal claims Young raises are without merit, the Court overrules Young's objections and adopts the R&R of the Magistrate Judge.

## BACKGROUND

As the R&R noted, the facts of the present case are undisputed and the procedural history is relatively simple. In 2009, Young fired a gun into a vehicle three or four times from close range. (Resp't's App. at 13, Sept. 14, 2012, Docket No. 7.) Young missed his intended target but hit the vehicle's other occupant in the mouth, causing significant injuries. (*Id.* at 13-15.) In December 2009, Young pled guilty to second degree assault and attempted first degree assault in the state district court for Ramsey County, Minnesota. (*Id.* at 74-75.) The plea agreement provided that Young's sentences for the two crimes would run consecutively. (*Id.* at 75.) At the plea hearing, however, Young's attorney stated that "the sentence would be consecutive if permitted under the Guidelines." (*Id.* at 2.)

At sentencing, the trial court stated that the plea agreement "calls for consecutive sentencing, which is permissive in this case." (*Id.* at 19.) The court noted that the plea agreement clearly contemplated consecutive sentences and found that "consecutive sentencing is consistent with the seriousness of the offenses." (*Id.* at 22, 26.) The trial court sentenced Young to 67.5 months for the attempted first degree assault conviction and 57 months for the second degree assault conviction, for a total sentence of 124.5 months. (*Id.* at 26-28.)

In November 2010, Young filed a motion in the trial court seeking to correct his sentence pursuant to Minnesota Rule of Criminal Procedure 27.03, subd. 9, which allows the trial court to "at any time correct a sentence not authorized by law." (Resp't's App. at 30.) Young argued that his sentences must run concurrently because at the time of his offense attempted first degree assault was not included in the Minnesota Sentencing Guideline's list of offenses eligible for permissive consecutive sentencing. (*Id.* at 31.) While the trial court agreed that the applicable version of the Guidelines did not authorize Young's consecutive sentences, the court concluded that the sentence was nonetheless permissible under Minnesota caselaw. (*See id.* at 56-57.) Thus, the trial court denied the motion. (*Id.* at 55.)

Young appealed, arguing that his consecutive sentences were not authorized, but the Minnesota Court of Appeals affirmed. *See Young v. State*, No. A11-317, 2011 WL 2623454 (Minn. Ct. App. July 5, 2011). The Court of Appeals concluded, like the trial court, that although the then-existing Guidelines did not authorize consecutive sentences for Young's crimes, the sentence was authorized by caselaw. *Id.* at *1. Young also argued that his sentence was not authorized because it "constituted a departure from the sentencing guidelines and the district court failed to state on the record the grounds for the departure." *Id.* at *2. While Young's argument was primarily grounded in Minnesota state law, Young asserted that the imposition of consecutive sentences "implicates [Young]'s right to a jury trial on sentencing enhancement." (Resp't's App. at 49.) Because Young did not admit any aggravating factors to support consecutive sentences and a jury did not find such factors, Young contended that his sentence violated the

constitutional principles set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Court of Appeals did not refer to the federal cases cited by Young but rejected Young's argument on the basis that the consecutive sentences were authorized by Minnesota caselaw. *Young*, 2011 WL 2623454, at *2.

The Minnesota Supreme Court denied Young's petition for review on September 28, 2011, (Respondent's App. at 206), and Young timely filed the present petition in this Court on August 10, 2012.

## ANALYSIS

## I. STANDARD OF REVIEW

The Court must analyze the present petition within the framework provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court rulings be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (citation and internal quotation marks omitted). Specifically, AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A federal court may grant habeas relief under the "contrary to" clause of § 2254(d) only if a state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if a state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d) only if the state court's application of federal law is "objectively unreasonable," which is "a substantially higher threshold for obtaining relief than de novo review." *Renico*, 130 S. Ct. at 1862 (internal quotation marks omitted). If "fairminded jurists could disagree" as to the correctness of the state court's ruling, the federal court may not grant habeas relief. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

## II. YOUNG'S OBJECTIONS

Young's petition sets forth two grounds for relief: (1) that his "conviction obtained by guilty plea was unlawful" because he was to receive consecutive terms "if permitted by [the Guidelines]," yet the Guidelines did not authorize such a sentence, and he nonetheless received consecutive terms; and (2) that his sentence was an unauthorized upward departure based on facts that were not stipulated or proven at trial, in violation of the Sixth Amendment. (Pet. at 5-6). The R&R rejected Young's first ground, finding that Young made no attempt to explain why his conviction, as opposed to his sentence, is unlawful. (R&R at 8-9.) The R&R also rejected Young's second ground, concluding

that it was largely an attack on the Minnesota courts' application of Minnesota law, which the federal courts cannot review, (*id.* at 11-12), and that regardless of whether the sentence was authorized by Minnesota law, the Supreme Court held in *Oregon v. Ice*, 555 U.S. 160 (2009), that the Sixth Amendment does not require a jury to find the facts that lead to the imposition of consecutive sentences, (R&R at 12-13).

Young's objections to the R&R largely rehash the arguments that he made in his memoranda in support of his petition. The objections fall into two categories: (1) that his sentence was unlawful because it was not authorized by the state sentencing guidelines; and (2) that his sentence violates *Apprendi* and *Blakely* and deprives him of Due Process and of his Sixth Amendment right to a jury trial.[1] He contends that *Ice* is distinguishable because it was based on an Oregon sentencing system that differs from Minnesota's. (*Id.* at 6-7.) Having considered Young's objections and conducted a *de novo* review, the Court will deny Young's petition for the reasons articulated in the R&R.[2]

---

[1] Young states in his objections that his "plea was not made freely after the prosecution fals[e]ly stated his sentence is permissive," (Objections at 5), which does not fit into the two categories outlined above. At no point in his direct appeal or his initial petition to this Court has Young argued that his **plea** was invalid for any reason. The only remedy Young has sought is resentencing, as opposed to withdrawal of the plea. To the extent that Young intends to raise such a claim, the Court is unable to consider whether Young's plea was involuntary due to misinformation from the prosecution because he did not present this claim to the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that a state prisoner must "fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim" prior to seeking a federal writ of habeas corpus). Additionally, the Court typically will not entertain arguments that were not first made to the Magistrate Judge. *See, e.g.*, *Ridenour v. Boehringer Ingelheim Pharms, Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived.").

[2] Young's arguments are not perfectly clear and he often blends together largely unrelated concepts and doctrines. For example, Young argues that the Minnesota Court of

(Footnote continued on next page.)

First, much of Young's petition and objections are devoted to arguing that his consecutive sentences were unlawful because the state sentencing guidelines did not authorize them and the Minnesota courts erroneously relied on inapposite caselaw to justify the sentence. Regardless of whether Young's argument has merit, this Court cannot grant relief on these grounds. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) ("Like the district court, we lack authority to review the Minnesota state courts' interpretation and application of state law . . . ."). Even if Young is correct that the Minnesota courts erred in concluding that the consecutive sentences were authorized by caselaw, Young has not explained how that error goes beyond an error of state law and implicates the Constitution or other federal law.[3]

_____

(Footnote continued.)

Appeals did not honor "*Blakely*, *Apprendi*, or the Constitution" when it acknowledged that the Guidelines did not authorize consecutive sentences but justified the sentence on the basis of caselaw. (Objections at 3-4.) And Young believes that if he was "to receive a sentence outside of the [Guidelines], due process of law should have afforded him a trial by jury." (*Id.* at 4-5.) The Court recognizes, as Young notes, that Young "is not a legal expert," (*id.* at 3), and the Court has therefore attempted to interpret his arguments liberally.

[3] To the extent that Young attempts to raise a Due Process claim, (*see* Objections at 3; Mem. in Supp. at 3, Aug. 10, 2012, Docket No. 1-2), the Court finds multiple impediments to relief. The potential claim, which is not developed in Young's filings, would likely be based on *Hicks v. Oklahoma*, in which the Supreme Court held that when a state creates a "substantial and legitimate expectation" regarding sentencing, an "arbitrary deprivation" of such entitlement may

(Footnote continued on next page.)

Second, Young's claims regarding *Blakely*, *Apprendi*, and the Sixth Amendment fail. In *Ice*, the Supreme Court analyzed an Oregon statute that allowed for consecutive sentences only if the judge found certain aggravating factors. *See* 555 U.S. at 163. The *Ice* Court held that the Oregon statute did not violate the Sixth Amendment even though it allowed judges, not juries, to find the specific facts that lead to longer prison sentences than would be served in the absence of those facts. *See id.* at 164. Young attempts to distinguish *Ice* by arguing that:

> [I]n *Ice*, the sentencing statute required the trial judge to make specific findings of fact to support the imposition of the consecutive sentences. Unlike the Oregon statute, in Minnesota, the Guidelines simply **do not** permit consecutive sentencing unless the offense is on the list, and thus doing so constitutes a departure.

(Mem. in Supp. at 11 (citation omitted) (emphasis in original).) However, the Court concludes that in light of *Ice*, the Minnesota courts' rejection (or disregard) of Young's Sixth Amendment claims was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). In addition to upholding the Oregon statute that required specific judicial fact-finding to impose consecutive sentences, *Ice* confirmed that there is no Sixth Amendment violation when states "entrust to judges'

_____

(Footnote continued.)

violate the Fourteenth Amendment. *See* 447 U.S. 343, 346 (1980). For one, Young has not presented this claim to the Minnesota courts either in his direct appeal or via collateral proceedings, and this Court therefore cannot review the claim. *See Baldwin*, 541 U.S. at 29. Additionally, even if the claim were properly before the Court, and even if the Minnesota courts erroneously applied Minnesota law in this case, it is not clear that the error rose to the level of an "arbitrary deprivation." *Cf. Chambers v. Bowersox*, 157 F.3d 560, 565 (8th Cir. 1998) ("We reject the notion that every trial error, even every trial error occurring during the sentencing phase of a capital case, gives rise to a claim under the Due Process Clause of the Fourteenth Amendment."). The decision reached by the state courts in this case was not without support.

unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently." *See* 555 U.S. at 163-64. Because the Sixth Amendment does not require juries to find the facts that lead to the imposition of consecutive sentences, the Sixth Amendment is not implicated in this case regardless of whether the trial judge's decision to impose consecutive sentences was contrary to Minnesota law and regardless of whether it constituted a departure from the Minnesota sentencing guidelines. At most, Young has identified an error of state law, for which the Court cannot grant relief in these proceedings.

## III.    CERTIFICATE OF APPEALABILITY

Because the Minnesota Court of Appeals' rejection of Young's claims was not contrary to, or an unreasonable application of, clearly established law, the Court overrules Young's objections and adopts the R&R. Additionally, the Court finds that reasonable jurists would not disagree with its resolution of Young's constitutional claims. The Court therefore will not grant a certificate of appealability, which may only issue where a petitioner has made a substantial showing of the denial of a constitutional right. *See Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000); *see also* 28 U.S.C. § 2253(c)(2).


## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Young's objections [Docket No. 10] and **ADOPTS** the Report and

Recommendation of the Magistrate Judge dated February 21, 2013 [Docket No. 9].

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Young's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED.**  The action is **DISMISSED WITH PREJUDICE**.

2.      The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Young's petition.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  December 5, 2013                    _____
at Minneapolis, Minnesota.                              s/ John R. Tunheim
                                                        JOHN R. TUNHEIM
                                                  United States District Judge